**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TED JENSEN, | No. 12-35921 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01380-MJP |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| CINDY KLINE, Correction Officer, Monroe Correction Complex; BRIAN SMITH, Correction Officer, Monroe Correction Complex, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Washington state prisoner Ted Jensen appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials confiscated and destroyed his personal religious property in violation of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Jensen's First Amendment claim because Jensen failed to raise a genuine dispute of material fact as to whether defendants' actions did not reasonably advance legitimate penological interests. *See Shakur*, 514 F.3d at 883-84 (infringement upon inmate's right to free exercise is valid if reasonably related to a legitimate penological interest).

The district court properly granted summary judgment on Jensen's Fourth Amendment claim because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12-35921

The district court properly granted summary judgment on Jensen's due process claim for unauthorized deprivation of property because Jensen has an adequate post-deprivation remedy under Washington state law. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (no due process claim for unauthorized deprivation of property where state provides adequate post-deprivation remedy).

The district court properly dismissed all claims against the state of Washington Department of Corrections because absent consent, the Eleventh Amendment bars suits against states and their agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The district court did not abuse its discretion by denying Jensen's motion to file an amended complaint because the proposed amendments would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth the standard of review and explaining that denial of request to amend complaint appropriate where amendment would be futile).

The district court did not abuse its discretion by denying Jensen's request for additional discovery because Jensen failed to show how the discovery he sought

would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requirements under former Fed. R. Civ. P. 56(f)).

We do not consider issues raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**